## SUPREME COURT.

### SAMPSON M'CANN agt. WILLIAM THOMPSON.

Under the last clause of § 211 of the Code, which is seemingly inconsistent with the first part of the section, the plaintiff is entitled, unequivocally, to a delivery of the property at the expiration of *three days*, after the taking and service of notice to the defendant, unless the defendant has, *within said three*

*days*, either excepted to the plaintiff's sureties, or required the return of the property by giving the requisite undertaking.

That is, if the defendant has not excepted to the sureties of the plaintiff, and requires a return of the property, he must claim it within the *three days*, or his right to a return under that provision is gone.

*New-York Special Term, Feb.*, 1857.

APPLICATION for an order that the sheriff deliver property to the plaintiff.

BENEDICT & BOARDMAN, *for plaintiff*.
——— ———, *for defendant*.

CLERKE, Justice. The concluding sentence of § 211 of the Code, under the chapter relating to the claim and delivery of personal property, declares that if a return of the property be not required by the defendant *within three days* after the taking and service of the notice to the defendant, prescribed by § 209, it shall be delivered to the plaintiff, except as provided by § 216, with which we have nothing to do on this occasion. The only direction calculated to make the absolute right of the plaintiff to the delivery doubtful, at any time on or after the expiration of the three days, is found in the first sentence of this same section, (211,) which says, "*at any time before the delivery of the property to the plaintiff*, the defendant may, if he do not except to the sureties of the plaintiff, require the return thereof, &c.

It is contended that this entitles the defendant to the return of the property at any time before the *actual* delivery of it to the plaintiff; although it is not disputed that immediately on the expiration of the three days, if the return has not been required within that time by the defendant, the plaintiff is entitled to it; and the sheriff is absolutely commanded to deliver it to him. But if he allows a moment after the expiration of the time to elapse, and the defendant, within that moment, claims the return, he, and not the plaintiff, is entitled to the delivery, although he failed to claim it within the three days. I cannot conceive that such was the intention of the legislature.

The first and last sentences of the section are, at the most, con-tradictory; and, if so, the last must prevail. It is imperative; it *commands* the sheriff, unequivocally, to deliver it to the plaintiff at the expiration of the three days, if the defendant has not, in the meantime, claimed it; his right to it is fixed and absolute, and the mere omission to claim it, at the precise instant of the expiration of the time, cannot deprive him of this right. By a slight change of language, the first part of the section, although apparently inconsistent with the last, may be reconciled with it. It may be taken to mean, and I have little doubt was intended to mean, that at any time before the plaintiff is entitled to the delivery, &c., that is, at any time within the three days, the defendant may require the return thereof, &c.

The plaintiff, I think, is entitled to his order on the sheriff.